Brandon K. Kahoush (SBN 311560)
E-Mail: bkahoush@fisherphillips.com
Drew M. Tate (SBN 312219)
E-Mail: dtate@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
HITACHI RAIL STS USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| JOHN NOONE, | Case No: |
|---|---|
| Plaintiff, | [Orange County Superior Court; Case No. 30-2024-01371614-CU-WT-CJC] |
| v. | **DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332** |
| HITACHI RAIL STS USA, INC., and DOES 1 through 25, | |
| Defendant. | Complaint Filed: January 4, 2024<br>Trial Date: Not Yet Set |

1

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE
OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

## TABLE OF CONTENTS

I.    PROCEDURAL HISTORY ..................................................................... 7

II.   REMOVAL IS BASED ON DIVERSITY JURISDICTION ...................... 8

    **A.**    Plaintiff's Citizenship ..................................................... 8

    **B.**    Defendant's Citizenship .................................................. 9

    **C.**    Complete Diversity Exists .............................................. 10

    **D.**    Amount in Controversy.................................................. 10

III.  TIMELINESS OF REMOVAL............................................................ 16

IV.   VENUE & INTRA-DISTRICT ASSIGNMENT..................................... 17

V.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF ............. 17

2

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*,
465 F.2d 489 (9th Cir. 1972)................................................................12

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413 (9th Cir. 2018)................................................................12

*Community Bldg. Co. v. Maryland Casualty Co.*,
8 F.2d 678 (9th Cir. 1925)....................................................................8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014)...............................................................................10

*Fristos v. Reynolds Metal Co.*,
615 F.2d 1209 (9th Cir. 1980)..............................................................10

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998)..........................................................11, 16

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001)................................................................14

*Goldberg v. CPC Int'l, Inc.*,
678 F.2d 1365 (9th Cir. 1992)..............................................................16

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010)................................................................................9

*Kanter v. Warnter-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001).................................................................8

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983)...............................................................8

*Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993 (C.D. Cal. 2002)..................................................11

*Kroske v. U.S. Bank Corp.*,
432 F.3d 976 (9th Cir. 2005)...........................................................11, 13

3

*Lave v. Charter Communications, LLC*,
Superior Court, Riverside County, Case No. RIC 1508865, 2017
WL 2901375 (Cal. Super. Ct. June 7, 2017)......................................................13

*Leggins v. Thrifty Payless Inc. d/b/a Rite Aid*,
Superior Court, Los Angeles County, Case No. BC511139, 2015
WL 4748037 (Cal. Super. Ct. July 17, 2015) ....................................................15

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986)..............................................................................9

*Luckett v. Delta Airlines, Inc.*,
171 F.3d 295 (5th Cir. 1999).............................................................................15

*Marcel v. Pool Co.*,
5 F.3d 81 (5th Cir. 1983)...................................................................................13

*Mintzis v. Scott*,
No. 2:14-CV-01799-CAS, 2014 WL 3818104 (C.D. Cal. July 30, 2014) ...............................................................................................................9

*Mitchell v. United States*,
88 U.S. 350 (1875).............................................................................................8

*Mondragon v. Capital One Auto Fin.*,
736 F.3d 880 (9th Cir. 2013)..............................................................................8

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999).........................................................................................16

*Ontiveros v. Michaels Stores, Inc.*,
No. CV 12-09437 MMM ..................................................................................13

*Polizzi v. Cowles Magazines, Inc.*,
345 U.S. 663 (1953).........................................................................................17

*Rabago-Alvarez v. Dart Industries, Inc.*,
55 Cal. App. 3d 91 (1976)................................................................................14

*Rodriguez v. AT & T Mobility Servs. LLC*,
728 F.3d 975 (9th Cir. 2013)............................................................................12

*Roth v. Comerica Bank*,
799 F. Supp. 2d 1107 (C.D. Cal. 2010)............................................................12

4

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE
OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

*Saulic v. Symantec Corp.*,
No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883 (C.D. Cal. Dec. 26, 2007) ............................................................................................11

*Simmons v. PCR Technology*,
209 F. Supp. 2d 1029 (N.D. Cal. 2002).................................................13, 16

*Singer v. State Farm Mutual Auto. Ins. Co.*,
116 F.3d 373 (9th Cir. 1997)..............................................................11

*Sololoff v. LRN Corp.*,
No. CV 13-4910-CAS, 2013 WL 4479010 (C.D. Cal. Aug. 19, 2013) ......................................................................................................9

*Songco v. Century Quality Management, Inc.*,
Superior Court, Los Angeles County, Case No. BC-118303, 1997 WL 682397 (Cal. Super. Ct. Oct. 1, 1997) ......................................15

*Sonia Lozano v. Alcoa Inc., Alcoa Fastening Systems*,
Superior Court, Los Angeles County, Case No. BC329868, 2006 WL 2561276 (Cal. Super. Ct. Apr. 19, 2006)..................................14

*Verdine v. McDonnel-Douglas Corporation et al.*,
Superior Court, Los Angeles County, Case No. BC-168266, 1998 WL 35471332 (Cal. Super. Ct. July 7, 1998) .....................................15

*White v. FCI USA, Inc.*,
319 F.3d 672 (5th Cir. 2003)...............................................................14

*Yang v. ActionNet, Inc.*,
No. 2:14-cv-00792-AB-PJW, 2016 WL 2748603 (C.D. Cal. Mar. 18, 2016)..............................................................................................15

**Statutes**

28 U.S.C. § 1332......................................................................................1,9

28 U.S.C. sections 1332 and 1441(b) .......................................................8

28 U.S.C. section 1332(a) ...................................................................10, 11

28 U.S.C. § 1332(c)(1)..............................................................................10

28 U.S.C. § 1367(a) ...................................................................................9

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

28 U.S.C. §§ 1441 and 1446 ..................................................................................18

28 U.S.C. § 1441(a) ....................................................................................18, 19

28 U.S.C. §§ 1441(a) and (b) ..................................................................................9

28 U.S.C. § 1441(b)(1) ..................................................................................11

28 U.S.C. § 1446(b) ..................................................................................17

28 U.S.C. section 1446(d) ..................................................................................18

Cal. Civ. Proc. Code § 1021.5..................................................................................17

Cal. Civ. Proc. Code § 1032(b) ..................................................................................17

Cal. Labor Code § 1102.5(f) ..................................................................................15

Cal. Labor Code § 1102.5(j) ..................................................................................17

California Labor Code § 1102.5..................................................................8, 15, 17

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant HITACHI RAIL STS USA, INC. ("Defendant") hereby removes this action from the Superior Court for the State of California, in and for the County of Orange, to the United States District Court for the Central District of California. This removal is based on diversity jurisdiction, pursuant to 28 U.S.C. sections 1332 and 1441(b), for the reasons stated below:

**I. PROCEDURAL HISTORY**

1.  On January 4, 2024, Plaintiff John Noone ("Plaintiff") filed a Complaint in the Superior Court for the State of California, in and for the County of Orange (the "Superior Court"), entitled "*John Noone v. Hitachi Rail STS USA, Inc., and DOES 1 through 25*," designated as Case Number 30-2024-01371614-CU-WT-CJC ("Complaint").

2.  Plaintiff's Complaint alleges causes of action for: (1) Wrong Termination in Violation of Public Policy; and (2) Retaliation in Violation of California Labor Code § 1102.5.

3.  The Summons and Complaint were personally served on Defendant on January 11, 2024. *See* Declaration of Brandon K. Kahoush ("Kahoush Decl.") ¶ 2, Ex. A.

4.  To date, Defendant has not filed an answer or responsive pleading to Plaintiff's Complaint with the Superior Court, but after removal, Defendant intends to move to dismiss the retaliation in violation of Labor Code § 1102.5 claim, and the wrongful termination in violation of public policy claim. Kahoush Decl. ¶ 3.

5.  Based on information and belief, no other pleadings have been filed in this matter.

6.  As of the date of this Notice of Removal, no other parties have been

7

named or validly served with the Summons and Complaint in this matter.  Because no other defendant has been served, they need not join or consent to Defendant's Notice of Removal.  *Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925) (named defendants not yet served in state court action need not join the notice of removal).

## II. REMOVAL IS BASED ON DIVERSITY JURISDICTION

7.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  This action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.     Further, because the U.S. District Court for the Central District of California has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, this action may be removed in its entirety pursuant to 28 U.S.C. §§ 1441(a) and (b). In addition, this Court has supplemental jurisdiction over all state claims that are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a).

## A. **Plaintiff's Citizenship**

9.     To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880,  886 (9th Cir.  2013); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).

10.     An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to

8

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014). It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

11. Defendant is informed and believes, and on that basis alleges, that Plaintiff is now, and was at all material times, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). Kahoush Decl. ¶ 2, Compl. at ¶ 1 ("Noone at all relevant times hereinafter mentioned, was a resident of the County of Riverside, State of California . . . ."). Accordingly, Plaintiff is domiciled in and is a citizen of the State of California for the purposes of diversity jurisdiction. *See Sololoff v. LRN Corp.*, No. CV 13-4910-CAS (AGRx), 2013 WL 4479010, at *2-3 (C.D. Cal. Aug. 19, 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's residence, which was "prima facie evidence of his domicile, and thus of his citizenship").

## B. **Defendant's Citizenship**

12. A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). In practice, the nerve center is normally the corporation's headquarters, provided that the headquarters is the actual center of direction, control, and coordination. *Id.*

13. For purposes of determining jurisdiction, Defendant is now, and was at the time this action was commenced, a citizen of the State of Delaware and Pennsylvania within the meaning of 28 U.S.C. § 1332(c)(1). Specifically, Defendant was incorporated in Delaware and at all material times, has maintained

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

its company headquarters and principal place of business in Pittsburgh, Pennsylvania. *See* Declaration of Michelle Falce ("Falce Decl.") ¶¶ 3-6, Ex. A. Therefore, Defendant is a citizen of both Delaware and Pennsylvania for purposes of diversity jurisdiction.

14. The Complaint also names Defendants Does 1 through 25, inclusive ("Doe Defendants"). Unnamed defendants sued as Does are not required to join in a removal petition, and their citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1); *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

## C. **Complete Diversity Exists**

15. Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Pennsylvania, complete diversity of citizenship exists.

## D. **Amount in Controversy**

16. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a).

17. Establishing the $75,000 threshold necessary for diversity jurisdiction is not burdensome. When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need[s] [to] include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

18. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007). A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

19.    Defendant denies Plaintiff's allegations, denies any liability, and denies that Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). Therefore, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be. *Galt G/S*, 142 F.3d at 1155.

20.    The amount in controversy may include general and special compensatory damages and attorneys' fees recoverable by statute. *Galt G/S*, 142 F.3d at 1155-56.

21.    <u>Special Damages</u>. In this instance, the Complaint and Prayer for Relief contained therein reasonably demonstrate that the amount in controversy does, in fact, exceed $75,000. Plaintiff is seeking to recover lost past and future wages (past and future economic damages), in addition to general and special damages, employment benefits, emotional distress damages, prejudgment interest, civil penalties, punitive damages and attorneys' fees. Kahoush Decl. ¶¶ 2, 5, Compl. at ¶¶ 10, 11, 15, 16, and Prayer for Relief.

11
DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

22.     Importantly, the Ninth Circuit recently clarified that future lost wages, *i.e.*, lost wages beyond the date of removal, are properly considered in determining the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). The court explained that the correct measure is the "amount at stake in the underlying litigation." *Id.* (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). The court held that the fact that "the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy," explaining:

> If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are "at stake" in the litigation, whatever the likelihood that she will actually recover them. In such a situation, although the plaintiff's employer would have paid the wages in the future had she remained employed, they are presently in controversy.

*Id.* Accordingly, the proper measure of lost wages (as well as other claimed damages) for the amount in controversy is the amount which would be incurred up to the date of trial.

23.     Here, Plaintiff earned an annual base salary of $175,000. Kahoush Decl. ¶ 6. Thus, dividing Plaintiff's annual salary by 52 weeks, Plaintiff's weekly rate of pay was $3,365.39. Kahoush Decl. ¶ 7. Plaintiff alleges he was terminated on May 9, 2023. Based on the conservative estimate of a trial date occurring in June 2025, there are 107 full weeks from May 9, 2023 to the conservative trial date estimate of June 1, 2025. At Plaintiff's weekly rate of pay, 107 weeks of lost wages totals approximately $360,096.15. Kahoush Decl. ¶ 8.

24.     Likewise, Plaintiff seeks future lost wages, known as front pay, of an undefined duration. Front pay awards in California may span a number of years. *See Smith v. Brown-Forman* Distillers *Corp.*, 96 Cal. App. 3d 503, 518 (1987);

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

*Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97-98 (1976). Assuming a modest award of one year of front pay damages from the date of the anticipated trial in June 2025 through June 2026, that sum would equal approximately $175,000, for a subtotal claim for back pay and front pay of $535,096.15.  Kahoush Decl. ¶ 8.

25.    In addition, Plaintiff seeks damages for lost employment benefits. Assuming the cost of Plaintiff's employment benefits is $5,000.00 a year, Plaintiff's alleged damages for lost employment benefits through a trial date in early-June 2025 (two years from the date of his termination) would be approximately $10,000.  Kahoush Decl. ¶ 9.

26.    General Damages, Including Emotional Distress.  Plaintiff also seeks an award of emotional distress damages.  Kahoush Decl. ¶ 2, Compl. at ¶¶ 10, 15, and Prayer for Relief.  Emotional distress damages have value for purposes of determining the amount in controversy.  *See Kroske*, 432 F.3d at 980; *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial").  *See Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM FMOX, 2013 WL 815975, at *2 (C.D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy was satisfied).

27.    Recent verdicts in employment cases demonstrate that emotional distress awards can be significant:

i.    *Lave v. Charter Communications, LLC*, Superior Court, Riverside County, Case No. RIC 1508865, 2017 WL 2901375 (Cal. Super. Ct. June 7, 2017) (verdict awarding $575,000 in emotional distress damages where plaintiff

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

experienced depression, insomnia, irritability, and anxiety).

    ii.   *Andrews vs. Hansa Stars Inc.*, Superior Court, Los Angeles County, Case No. BC384912, 2009 WL 1587809 (Cal. Super. Ct. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs were awarded $375,000 and $225,000 for emotional distress damages).

    iii.   *Sonia Lozano v. Alcoa Inc., Alcoa Fastening Systems*, Superior Court, Los Angeles County, Case No. BC329868, 2006 WL 2561276 (Cal. Super. Ct. Apr. 19, 2006) (jury awarded the plaintiff $9,065,000 after determining that the plaintiff was wrongfully terminated, and that defendant intentionally inflicted emotional distress on his).

    iv.   *Silverman vs. Stuart F. Cooper Inc.*, Superior Court, Los Angeles County, Case No. BC467464, 2013 WL 5820140 (Cal. Super. Ct. July 19, 2003) (jury awarded the plaintiff $151,333 for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case).  Kahoush Decl. ¶ 10.

28.   Civil Penalties.  Plaintiff's Second Cause of Action is under California Labor Code § 1102.5 for purported retaliation.  Kahoush Decl. ¶ 2, Compl. at ¶¶ 12-16.  Section 1102.5 provides as remedies a penalty of up to $10,000.  Cal. Labor Code § 1102.5(f).

29.   Punitive Damages.  Plaintiff also seeks to recover punitive damages as alleged in the Complaint and in his Prayer for Relief.  Kahoush Decl. ¶ 2, Compl. at ¶¶ 11, 16, and Prayer for Relief.  "It is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

30.   Where a plaintiff alleges serious claims for a defendant's misconduct and seeks both compensatory and punitive damages, courts have found it to be facially apparent that the matter in controversy exceeds $75,000.  *See, e.g., White*

*v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  For instance, the Court might find useful the following punitive damages verdicts:

i. *Yang v. ActionNet, Inc.*, No. 2:14-cv-00792-AB-PJW, 2016 WL 2748603 (C.D. Cal. Mar. 18, 2016) (wrongful termination case where $2,400,000 in compensatory damages and $5,000,000 in punitive damages awarded to the plaintiff).

ii. *Leggins v. Thrifty Payless Inc. d/b/a Rite Aid*, Superior Court, Los Angeles County, Case No. BC511139, 2015 WL 4748037 (Cal. Super. Ct. July 17, 2015) (Employee alleged wrongful termination, disability discrimination, harassment, and retaliation in violation of FEHA and the FMLA, and failure to prevent discrimination, harassment, and retaliation.  Jury verdict for the plaintiff in the amount of $8,769,128, including $5,000,000 in punitive damages, $213,213 for past economic loss, $1,055,915 for future economic loss, $1,500,000 for past non-economic loss, and $1,000,000 for future economic loss).

iii. *Verdine v. McDonnel-Douglas Corporation et al.*, Superior Court, Los Angeles County, Case No. BC-168266, 1998 WL 35471332 (Cal. Super. Ct. July 7, 1998) ($26,000,000 in punitive damages, $544,205 in economic damages; and $1,500,000 in non-economic damages awarded in wrongful termination case).

iv. *Songco v. Century Quality Management, Inc.*, Superior Court, Los Angeles County, Case No. BC-118303, 1997 WL 682397 (Cal. Super. Ct. Oct. 1, 1997) ($245,000 in punitive damages on $17,982 in compensatory damages awarded in wrongful termination case).

31.    Although Defendant adamantly denies that any award of damages, let

15

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

alone punitive damages, is recoverable, Plaintiff's prayer for punitive damages, by itself, also satisfies the $75,000 amount in controversy requirement. Kahoush Decl. ¶ 11.

32. <u>Attorneys' Fees</u>. Moreover, Plaintiff seeks to recover his attorneys' fees as provided by statute. Kahoush Decl. ¶ 2, Compl. at Prayer for Relief. Where an underlying statute authorizes the award of attorneys' fees, as is the case here, such fees may be included in calculating the amount in controversy. *See Galt G/S*, 142 F.3d at 1156; *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992). Here, Plaintiff's causes of action for retaliation in violation of Labor Code § 1102.5 and wrongful termination carry a prevailing party attorneys' fee provision. *See* Cal. Labor Code § 1102.5(j); Cal. Civ. Proc. Code § 1021.5; Cal. Civ. Proc. Code § 1032(b).

33. As other courts have noted, litigating employment actions often "require[s] substantial effort from counsel." *Simmons*, 209 F. Supp. 2d at 1035. Reasonable attorneys' fees for a successful employment case through trial could not possibly be less than $75,000. *Id.* It is more likely that Plaintiff's attorneys' fees, alone, will exceed $75,000 if this matter goes to trial. Kahoush Decl. ¶ 12.

34. Although Defendant denies any award of damages is appropriate here, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000, exclusive of costs and interest. Accordingly, this State Court action may be removed to the United States District Court for the Central District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## III.    TIMELINESS OF REMOVAL

35. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise . . . ." The 30-day period for removal is triggered once service occurs. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

36.    Defendant was personally served with the Complaint on January 11, 2024.  Kahoush Decl. ¶ 2.  Defendant files this Notice of Removal on February 13, 2024.  As such, Defendant's Notice of Removal is timely.

## IV.    VENUE & INTRA-DISTRICT ASSIGNMENT

37.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending).  This Court embraces the Orange County Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending.  Moreover, Plaintiff's Complaint alleges that "[v]enue is proper in this judicial district because the complained of conduct occurred in this judicial district."  Kahoush Decl. ¶ 2, Compl. at ¶ 5.  Accordingly, this Court is the appropriate court to which to remove this action.

## V.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

38.    In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff and filed with the Clerk of the Orange County Superior Court.  Kahoush Decl. ¶ 4, Ex. B.  Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

39.    This Notice of Removal is effected properly and timely pursuant to 28

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE
OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

U.S.C. §§ 1441 and 1446.

40.   Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

WHEREFORE, Defendant removes the above-entitled action now pending in the Orange County Superior Court to this Court.

Dated:   February 13, 2024          FISHER & PHILLIPS LLP


                                   By:   */s/Drew M. Tate*
                                         Brandon K. Kahoush
                                         Drew M. Tate
                                         Attorneys for Defendant
                                         HITACHI RAIL STS USA, INC.

18

DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332

FP 49420517.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Montgomery Street, Suite 3400, San Francisco, CA 94104.

I served the foregoing document entitled **DEFENDANT HITACHI RAIL STS USA, INC.'S PETITION AND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Michael A. Gould                                    ***Attorneys for Plaintiff***
Aarin A. Zeif                                          ***John Noone***
THE GOULD LAW FIRM
A Professional Corporation                     Telephone: (714) 669-2850
161 Fashion Lane, Suite 207                   Facsimile: (714) 544-0800
Tustin, California 92780                          E-Mail:
                                                              Micahel@wageandhourlaw.com
                                                              Aarin@wagandhourlaw.com

☒  **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒  **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed February 13, 2024, at San Francisco, California.

Sue Anne Travers                          By:  */s/Sue Anne Travers*
_____                    _____
Print Name                                          Signature

1
CERTIFICATE OF SERVICE

FP 49420517.1